Richard Heimann (CA State Bar # 063607)
Nimish R. Desai (CA State Bar # 244953)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery St., 29th Fl
San Francisco, CA 94111-3339
Telephone: 415-956-1000
Facsimile: 415-956-1008
rheimann@lchb.com
ndesai@lchb.com

David S. Stellings (*pro hac vice*)
Katherine I. McBride (*pro hac vice*)
Jessica A. Moldovan (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212.355.9500
Facsimile: 212.355.9592
dstellings@lchb.com
kmcbride@lchb.com
jmoldovan@lchb.com

*Attorneys for Plaintiffs*

*[Additional counsel listed on signature page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOISE ACKISS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC, et al.,<br><br>Defendant. | Case No. 4:21-cv-06338-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: December 14, 2021<br>Time: 2:00pm<br>Judge: Hon. Jon S. Tigar |

The parties conducted a Rule 26(f) conference on November 18, 2021 and submit the

following as their Joint Case Management Statement pursuant to the Court's November 10, 2021

Order (Dkt. No. 29), the Standing Order for All Judges of the Northern District of California, and

Civil Local Rule 16-9.

## I.     Jurisdiction and Service

### A.     Plaintiffs' Statement.

Plaintiffs served the Complaint and Summons on Defendants on August 23, 2021. Dkt.

No. 10. Plaintiffs submit that the Court has original subject-matter jurisdiction over this action under 28 U.S.C. § 1332(d) (Class Action Fairness Act), and has personal jurisdiction over Defendants under California Code of Civil Procedure section 410.10, and pendent jurisdiction as to the claims of Plaintiffs that arose in states other than California.

### B.   Defendants' Statement.

General Motors LLC ("GM") agrees that this Court has subject matter jurisdiction, and that it has personal jurisdiction with respect to the claims of the three Plaintiffs who live in California and purchased their vehicles in California.[1] But the Court does not have personal jurisdiction with respect to the remaining 69 Plaintiffs who neither live in California nor purchased their vehicles in California because, among other things, GM is not subject to general jurisdiction in California and the claims of the non-California Plaintiffs do not arise out of or relate to GM's contacts with California.[2]

## II.   Facts

### A.   Plaintiffs' Statement

This nationwide class action arises from Defendants' alleged deliberate use and concealment of a defective, and dangerous, software calibration that controls airbag and seatbelt deployment in GM trucks and SUVs (the "Class Vehicles"). The alleged defect in the Class Vehicles can prevent seatbelt tightening and airbag deployment during certain types of crashes, leaving vehicle occupants without protection exactly when they need it most. The defect is contained in the vehicles' airbag control unit, known as the "SDM" or "Sensing and Diagnostic Module." In the Class Vehicles, GM calibrated the software program that controls the SDM to prevent airbag and seatbelt deployment just 45 milliseconds after a crash has begun. This has serious repercussions in real-world accidents that last longer than 45 milliseconds—such as accidents that involve multiple impacts, or that increase in severity over a period of time—in which the airbags and seatbelts in the Class Vehicles can fail. Importantly, the decision to use

---

[1] General Motors Holdings LLC, and General Motors Company are also named as Defendants. GM intends to raise with Plaintiffs its contentions that General Motors LLC is the only properly named Defendant, and Plaintiffs will consider those arguments when provided.

[2] By appearing and filing this joint statement, Defendants do not waive and expressly preserve all jurisdictional defenses.

1    and continue to use this defective calibration was intentional, and contrary to explicit warnings

2    from the very engineers (from Delco Electronics) who developed the software program in the first

3    instance.

4           Plaintiffs' well-pled allegations about this safety defect find factual support from multiple,

5    independent sources, including: Chris Caruso, an expert in automotive crash sensing systems who

6    worked directly on the development of the defective SDM software in the Class Vehicles (Dkt.

7    No. 12, Complaint ¶¶ 148-155); personal injury lawsuits consistent with the defect litigated (and

8    settled) by GM (*id.* ¶¶ 146-154); public letters from forensic crash investigator Sal Fariello (*id.*

9    ¶¶ 155-159); and hundreds of publicly-reported, suspicious crashes with airbag and seatbelt

10   failures consistent with the defect (*id.* ¶¶ 160-171 and Exhibit A). To date, GM has concealed this

11   defect and failed to recall or repair the Class Vehicles, presumably to avoid the significant costs

12   and inconveniences of recalling millions of vehicles.  Plaintiffs' Amended Class Action

13   Complaint alleges that Defendants concealed the SDM Calibration Defect and falsely represented

14   that the Class Vehicles were safe, leading consumers to purchase the Class Vehicles and/or pay

15   more than they would have had they known the truth.  Class Plaintiffs seek injunctive relief and

16   damages for their losses.

17          In the statement below, Defendants highlight their contention that not all of the millions of

18   Class Vehicles have the defective 45ms calibration at issue. However, Defendants' say-so does

19   not justify a discovery stay, given that (1) the Complaint alleges that all Class Vehicles are

20   affected, which the Court is required to accept as true in deciding a Rule 12 motion; and (2) even

21   if Defendants are correct and discovery ultimately reveals that some of the Class Vehicles have a

22   different calibration, the existence of the defective calibration in even a fraction of the Class

23   Vehicles is sufficient to justify discovery proceeding under Rule 26.

24          **B.    Defendants' Statement**

25          The Complaint asserts fraud, consumer fraud, and warranty claims on behalf of 72 Named

26   Plaintiffs under the laws of 34 states.  Only three Plaintiffs live in or purchased their vehicles in

27   California.  At least two of those Plaintiffs purchased their vehicles used, long after the warranty

28   expired.

1    Plaintiffs claim without any factual support whatsoever that GM began utilizing a

2    "defective calibration" in 1999 in its trucks and SUVs that prevents airbags from deploying after

3    45 milliseconds (ms) into an accident.  They claim, implausibly, that GM has used the same

4    defective calibration in every GM truck and SUV for the next two decades, even though they

5    acknowledge revolutionary changes to airbag design beginning in 1999.  Plaintiffs allege no

6    rational reason why GM would have continued to use this same "defective calibration" for

7    decades other than (in their own words) "concerns about the potential for airbags to deploy 'too

8    late' during an accident."  Plaintiffs plead no facts plausibly suggesting that *any* GM truck or

9    SUV in the putative class ever had an SDM with a 45 ms cutoff, much less that more than 20

10   model years have such a cutoff.

11   Plaintiffs instead rely on so-called experts from other litigations who *speculate* that GM

12   employed such a cutoff based on their say-so and nothing else.  Plaintiffs also rely on airbag non-

13   deployments in a variety of accidents without acknowledging the indisputable and common sense

14   notion (1) that each crash is unique and needs to be analyzed as such to determine if an airbag

15   should have deployed, and (2) this is entirely expected given that Plaintiffs' allegations cover

16   millions of vehicles driven millions of miles over 20+ years.  Given all of this baseless speculation,

17   it is unsurprising that judicially noticeable documents available on the National Highway Traffic

18   Safety Administration website—a website that plaintiffs cite extensively—establish that several

19   GM trucks and SUVs, beginning with model year 1999 and including model year trucks and SUVs

20   owned by Plaintiffs, have had airbag deployments after 45 ms.

21   **III.   Legal Issues**

22        **A.   Class Plaintiffs' Statement**

23   Plaintiffs bring nationwide claims for common law fraud and unjust enrichment.

24   Plaintiffs seek certification of a nationwide class under Fed. R. Civ. P. 23(a), (b)(2), (b)(3) and/or

25   (c)(4).  Plaintiffs also assert claims based on the Defendants' violation of state consumer

26   protection statutes and breach of warranty, and seek certification of state subclasses.

27        **B.   Defendants' Statement**

28   Plaintiffs' complaint raises multiple legal issues, including the following (some of which

will be raised in GM's Rule 12 motion):

1.  Whether California Plaintiffs have alleged, plausibly or with particularity, the existence of a design defect.

2. Whether California Plaintiffs have alleged, plausibly or with particularity, injury, damages, or loss.

3. Whether California Plaintiffs have alleged their fraud-based misrepresentation and omission claims with the required particularity.

4. Whether the UCC and Song-Beverly express warranty claims of Plaintiffs Pereda and Milstead must be dismissed because they purchased their vehicles after the warranty expired.

5. Whether California Plaintiffs' UCC and Song-Beverly express warranty claims must be dismissed because they did not experience the defect during the warranty period and they do not allege they presented their vehicles for repair as required by the terms of the warranty.

6. Whether California Plaintiffs' UCC and Song-Beverly implied warranty claims must be dismissed because (a) they do not allege that the defect is substantially certain to manifest and (b) the claims are barred by the statute of limitations.

7. Whether California Plaintiffs' Song-Beverly implied warranty claims are barred because they do not allege that they purchased new vehicles.

8. Whether California Plaintiffs' claims for equitable relief are barred because they fail to plausibly allege the absence of an adequate remedy at law.

9. Whether California Plaintiffs' unjust enrichment claims must be dismissed because they do not allege facts establishing that they purchased new vehicles and therefore conferred a benefit on GM.

10. Whether this Court has personal jurisdiction to resolve the claims of the non-California Plaintiffs.

11. Assuming that pendent party jurisdiction exists, whether this Court in its discretion should decline to exercise it.

12.  Whether plaintiffs will be able to meet their burden to show that they meet the requirements for class certification under Rule 23, including: (1) commonality, typicality,

adequacy, and predominance and superiority requirements of Federal Rules of Civil Procedure 23(a)(2)-(4) and 23(b)(3); (2) a reliable and admissible damages model "establishing that damages are capable of measurement on a classwide basis," that is consistent with plaintiffs' theory of liability.

## IV.   <u>Motions</u>

There are no pending motions. The deadline for Defendants to answer, move to dismiss, or otherwise respond to Plaintiffs' Amended Complaint is January 7, 2022 (Dkt. No. 15). At that time, Defendants plan to file a Rule 12 motion that (1) seeks dismissal of all claims of the three California Plaintiffs pursuant to Rule 12(b)(6), (2) seeks dismissal of all claims of non-California Plaintiffs pursuant to Rule 12(b)(2) for lack of personal jurisdiction, and (3) in the event that personal jurisdiction is found to exist, seeks dismissal of all claims of all non-California Plaintiffs for failure to allege, plausibly or with particularity, a design defect. This approach obviates any immediate need for the parties or the Court to simultaneously evaluate multiple claims of 72 Plaintiffs under the laws of 34 states.  If the motion is denied as to the non-California Plaintiffs, GM would propose a schedule to evaluate the sufficiency of the complaint as to the non-California Plaintiffs through Rule 12(c) motions for judgment as a matter of law.

If the case survives the Rule 12 motions, GM will move for summary judgment and oppose class certification on an appropriate time and sequence to be addressed at a later time. Plaintiffs intend to move for class certification pursuant to Rule 23.

## V.   <u>Amendment of Pleadings</u>

Plaintiffs filed their Amended Class Action Complaint on October 26, 2021. Dkt. No. 12. Plaintiffs reserve the right to seek leave to further amend under Fed. R. Civ. P. 15 as additional facts and evidence are uncovered through the course of litigation.

## VI.   <u>Evidence Preservation</u>

The Parties have reviewed the District's ESI Guidelines and discussed evidence preservation obligations at their initial meet and confer session.  The Parties confirm that they have taken reasonable and proportionate steps to preserve evidence relevant to the issues in this action.

1    The Parties are considering whether any changes to the District's ESI Guidelines may be

2   necessary in this case, and acknowledge the Court's discouragement of deviation from those

3   Guidelines absent good cause. The Parties will submit any proposed changes to the Guidelines,

4   either jointly or separately, for the Court's consideration as necessary.

5   **VII.    Disclosures**

6    The Parties held their Rule 26(f) conference on November 18, 2021.  The Parties do not

7   agree on the appropriate time to serve initial disclosures pursuant to Fed R. Civ. P. 26, and will

8   raise this issue with the Court during the December 14 Conference. In the interim, the Parties

9   have agreed to extend the deadline for Initial Disclosures to December 17, 2021.

10    **A.    Plaintiffs' Statement.**

11    Plaintiffs proposed that the Parties comply with the timing for Initial Disclosures set forth

12   in Fed. R. Civ. P. 26(a)(1)(C). Defendants would not agree to serve initial disclosures and

13   proposed instead to stay all discovery until a motion to dismiss is decided. Plaintiffs maintain that

14   there is no just reason to delay service of initial disclosures, as early disclosure will help

15   streamline and focus discovery efforts, and the burden, if any, in preparing initial disclosures is

16   minimal.

17    Likewise, Plaintiffs believe that discovery should proceed without delay and in

18   accordance with the Federal Rules. Plaintiffs proposed to commence discovery following the

19   Parties' Rule 26(f) conference, but the parties were unable to reach agreement. Plaintiffs do not

20   agree that discovery should be stayed pending resolution of Defendants' forthcoming motion to

21   dismiss, which will effectively delay discovery until the second half of 2022, given the

22   Defendants' January 7, 2022 response deadline and the briefing that will follow.

23    The lengthy discovery delay Defendants seek is contrary to the Federal Rules and will not

24   contribute to the just, speedy, and inexpensive determination of this proceeding.  *See In re Google*

25   *Digital Advert. Antitrust Litig*., 2020 WL 7227159, at *1 (N.D. Cal. Dec. 8, 2020) (notion that a

26   motion to dismiss under Rule 12(b)(6) would stay discovery is "directly at odds with the need for

27   expeditious resolution of litigation") (citation omitted). As such, "blanket stays of all discovery

28   matters are an exception to the rules rather than enunciated in the rules." *Optronic Techs., Inc. v.*

1   *Ningbo Sunny Elec. Co., Ltd.*, 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018) (denying

2   motion for stay); *see also, e.g.*, *Espineli v. Toyota*, 2019 WL 3080808, at *1–2 (E.D. Cal. July 15,

3   2019) (denying stay pending resolution of motion to dismiss where plaintiffs alleged Toyota's

4   pre-sale knowledge of defect).

5        A discovery stay is not advisable because, as Defendants concede, the Court has

6   jurisdiction over the California claims in Plaintiffs complaint, and because Plaintiffs' well-pled

7   claims will likely survive a pleading challenge. *Cf. Calvary v. Cody*, 2021 WL 5353883, at *1

8   (N.D. Cal. Nov. 12, 2021) (a discovery stay may be appropriate where threshold issues such as

9   "jurisdiction, venue or immunity" will be decided in a motion to dismiss) (citation omitted). If

10   any one of Plaintiffs' claims survive a motion to dismiss, the scope of discovery into the SDM

11   Calibration Defect—which Plaintiffs allege to be a uniform defect present in potentially millions

12   of vehicles—will remain effectively the same.

13       **B.**    **Defendants' Statement.**

14        It is GM's position that all discovery, including disclosures under Rule 26(a), should be

15   stayed until such time that the Court rules on GM's forthcoming Motion to Dismiss.  This Court

16   has granted stays pending motions to dismiss in similar situations, and should do so here.  *See*

17   *Breaux v. Accredited Surety & Cas. Co.*, No. 4:19-cv-00717-JST (July 30, 2019), ECF No. 64.

18        "Courts in this district have applied a two-pronged test to determine whether discovery

19   should be stayed pending resolution of a dispositive motion." *Calvary v. Cody*, 2021 U.S. Dist.

20   LEXIS 223450, at *3 (N.D. Cal. Nov. 12, 2021). First, a pending motion must be potentially

21   dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. *Id*.

22   Second, the court must determine whether the pending motion can be decided absent discovery.

23   *Id*. at *3-4. In applying this two-factor test, the court must take a "preliminary peek" at the merits

24   of the pending dispositive motion to assess whether a stay is warranted. *Id*. at *4.

25        Both prongs are met here. Plaintiffs do not dispute either that Defendants' motion to

26   dismiss, if granted, would be dispositive of the entire case, or that the motion can be decided

27   without discovery.  *See Breaux*, No. 4:190cv099717-JST, ECF No. 64 at 2.  Indeed, as the list of

28   issues above shows, GM's Rule 12 motion is likely dispositive of the entire case.  If, as is likely,

1    the claims of the California Plaintiffs are dismissed, there will no longer be any basis to exercise

2    pendent personal jurisdiction as to the non-California Plaintiffs (if, contrary to nearly all decisions

3    on the issue, such jurisdiction existed in the first place).

4    　　　On the other hand, Plaintiffs do not "seriously dispute that discovery in this case, once

5    undertaken, will be significant and complex." *Id.*  Discovery in this case is likely to be massive

6    and burdensome—and entirely unnecessary if the motion to dismiss is granted.  The Amended

7    Complaint "alleges a sprawling" case. *Id*. There are 72 named Plaintiffs alleging multiple claims

8    under the laws of 34 states, and they implausibly allege that every truck and SUV made by GM

9    after 1999 is defective.  The burden of searching for and identifying, by December 17, individuals

10   and documents that are relevant to the claims of 72 Plaintiffs under the laws of 34 states relating

11   to every truck and SUV sold by Old GM or GM since 1999 is not, as Plaintiffs would have it,

12   "minimal."  And it is a burden that will be completely unnecessary should GM's motion to

13   dismiss be granted.  In short, Plaintiffs' unsupported, implausible allegations should not give

14   them a free pass to go on a fishing expedition into more than 20 model years of GM vehicles.

15   **VIII.   Discovery**

16   　　　**A.      Plaintiffs' Statement.**

17   　　　For the reasons discussed above, Plaintiffs believe there is no good cause to stay discovery

18   in this matter and that discovery should commence in accordance with the Federal Rules.

19   Plaintiffs plan to conduct discovery on: (1) the design, development, and use in the field of the

20   subject algorithm (Algo-S) and the SDM Calibration Defect described in the Complaint; (2)

21   interactions, communications, and agreements between GM and Delco (and any predecessor or

22   successor entities) regarding the design, development and launch of the subject algorithm and the

23   SDM Calibration Defect; (3) the scope of affected vehicles, including when, if ever, the defective

24   calibration at issue was discontinued; (4) relevant books, records, and personnel retained by New

25   GM following bankruptcy of the old GM entities in or about 2009; (5) the continuation of the use

26   of the defective SDM Calibration by New GM following Old GM's bankruptcy; (6)

27   communications, testing, or data related to field incidents or crashes with airbag deployment

28   failure, including crash data recording downloads or relevant downloads from any vehicles

1   involved; and (7) litigation and settlements of personal injury lawsuits implicating the SDM

2   Calibration Defect. Certain information or documents requested in discovery may be in the

3   possession, custody, or control of Delco Electronics, now Aptiv, and its predecessor or successor

4   entities.

5       **B.    Defendants' Statement.**

6       For the reasons discussed above, GM believes that all discovery should be stayed until this

7   Court rules on its Rule 12 motion.  If and when discovery opens, GM expects to conduct

8   discovery relating to all subject vehicles leased or owned by Plaintiffs, including documents and

9   information pertaining to the purchase or lease of those vehicles; the actual or attempted

10  disposition of those vehicles; the financing of those vehicles; any maintenance, service, or repairs

11  performed on those vehicles; any accidents or collisions involving those vehicles; photographs of

12  those vehicles; documents provided to Plaintiffs at the time they purchased or leased those

13  vehicles; documents Plaintiffs reviewed prior to or at the time they purchased or leased those

14  vehicles; non-privileged communications Plaintiffs have sent or received regarding the alleged

15  defect; all postings any Plaintiff has made on any internet website, social media, blog, forum, or

16  other internet site that relate to their vehicles. GM will also conduct discovery on other problems

17  and safety issues associated with other vehicles Plaintiffs own or have owned in the past.

18  **IX.    Class Actions**

19      All attorneys of record for the parties have reviewed the Procedural Guidance for Class

20  Action Settlements.

21      **A.    Class Plaintiffs' Statement**

22      Class Plaintiffs will move to certify a nationwide class and state subclasses under Fed. R.

23  Civ. P. 23(a), (b)(2), (b)(3), and (c)(4).  The proposed Class members' claims all derive directly

24  from a single course of conduct resulting in the same alleged defect in every affected vehicle. In

25  this way, the objective facts are the same for all Class members. Plaintiffs anticipate they will

26  need approximately 12 months of fact discovery prior to moving for class certification.

27      **B.    Defendants' Statement**

28      GM will oppose any motion to certify a class in this case.  GM agrees that if its Rule 12

motion is denied in significant part, about 12 months of discovery will be necessary.

**X.      Related Cases**

The parties are not aware of any currently pending, related cases.

**XI.     Relief**

**A.      Class Plaintiffs' Statement**

Class Plaintiffs, on behalf of themselves and all others similarly situated, seek the following relief, as outlined in the Amended Class Action Complaint:

1.      An order certifying the proposed Class(es), designating Plaintiffs as the named representatives of the Class(es), designating the undersigned as Class Counsel, and making such further orders for the protection of Class members as the Court deems appropriate, under Fed. R. Civ. P. 23;

2.      An order enjoining the Defendants to desist from further deceptive distribution, sales, and lease practices with respect to the Class Vehicles and such other injunctive relief that the Court deems just and proper;

3.      An award to Plaintiffs and Class Members of compensatory, exemplary, and punitive remedies and damages and statutory penalties, including interest, in an amount to be proven at trial;

4.      A declaration that Defendants are financially responsible for all Class notice and the administration of Class relief;

5.      Costs, restitution, compensatory damages for economic loss and out-of-pocket costs, multiple damages under applicable states' laws, punitive and exemplary damages under applicable law; and disgorgement, in an amount to be determined at trial;

6.      Any applicable statutory and civil penalties;

7.      An award of costs and attorneys' fees, as allowed by law;

8.      An order requiring Defendants to pay both pre- and post-judgment interest on any amounts awarded;

9.      Leave to amend this Complaint to conform to the evidence produced at trial; and

1    10.    Such other or further relief as the Court may deem appropriate, just, and equitable

2    under the circumstances.

3    **B.    Defendants' Statement**

4        GM believes that Plaintiffs are entitled to no damages or equitable relief and should take

5    nothing.  GM may seek its costs of defense, including fees, to the extent applicable law permits

6    recovery of those costs.

7    **XII.    Settlement and ADR**

8        The parties in the original Complaint have filed their ADR Certifications pursuant to Civil

9    L.R. 16-8. Dkt. Nos. 20, 21. Named Plaintiffs added in the Amended Complaint will also file

10    ADR Certifications. The parties have not engaged in settlement discussions to date, and will be

11    prepared to discuss the timing and feasibility of settlement discussions with the Court at the Case

12    Management Conference.

13    **XIII.    Consent to Magistrate Judge for All Purposes**

14        The Parties respectfully do not consent to have a magistrate judge conduct all further

15    proceedings in this litigation.

16    **XIV.    Other References**

17        The Parties are not aware of any appropriate other reference for this case.

18    **XV.    Narrowing of Issues**

19        The Parties will keep an ongoing dialogue to narrow issues as this litigation continues.

20    **XVI.    Expedited Schedule**

21        The Parties do not believe that this is the type of case that should be handled on an

22    expedited basis pursuant to Expedited Trial Procedure of General Order No. 64.

23    **XVII.  Scheduling**

24        The deadline for Defendants to respond to the Amended Complaint is January 7, 2022.

25    While the parties are in the process of negotiating an overall schedule for discovery, the parties

26    will need early guidance from the Court as to the Defendants' objection to commencing any

27    discovery prior to a decision on Defendants' motion to dismiss to inform that schedule.

28        The parties discussed, on a preliminary basis, a period of approximately 12 months of fact

discovery to precede a motion for class certification, and that a class certification motion should occur at or near the end of the fact discovery period. The parties will engage in further discussions on scheduling with the benefit of the Court's guidance on a discovery stay.

## XVIII. Trial

The parties respectfully submit that it is premature to set trial dates given the threshold dispute of when discovery will commence. Plaintiffs have demanded a jury trial on all issues so triable.

## XIX. Disclosure of Non-Party Interested Entities or Persons

In advance of the Case Management Conference, Plaintiffs and Defendants will file their respective Certification of Interested Entities or Persons, as required by Civil Local Rule 3-15.

## XX. Professional Conduct

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. Other Matters

The Parties have no other matters to bring before the Court at this time.


Dated: December 7, 2021                    Respectfully Submitted,

                                           By: */s/ John M. Thomas*
                                               John M. Thomas (SBN 266842)
                                               Derek S. Whitefield (SBN 165731)
                                               DYKEMA GOSSETT LLP
                                               333 South Grand Avenue, Suite 2100
                                               Los Angeles, California 90071
                                               JThomas@dykema.com
                                               DWhitefield@dykema.com
                                               Telephone: (213) 457-1800
                                               Facsimile: (213) 457-1850

                                               Attorneys for Defendants
                                               GENERAL MOTORS LLC, GENERAL MOTORS
                                               HOLDINGS LLC, AND GENERAL MOTORS
                                               COMPANY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: */s/ David S. Stellings*
David S. Stellings (*pro hac vice*)
Katherine I. McBride (*pro hac vice*)
Jessica A. Moldovan (*pro hac vice*)
**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212.355.9500
Facsimile: 212.355.9592
dstellings@lchb.com
kmcbride@lchb.com
jmoldovan@lchb.com

Richard Heimann (CA Bar # 063607)
Nimish R. Desai  (CA Bar # 244953)
**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**
275 Battery St., 29th Fl.
San Francisco, CA 94111-3339
Telephone: 415-956-1000
Facsimile: 415-956-1008
rheimann@lchb.com
ndesai@lchb.com

Roland Tellis (CA Bar #186269)
David Fernandes (CA Bar #280944)
Adam Tamburelli (CA Bar #301902)
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818) 839-2333
Facsimile: (818)-986-9698
rtellis@baronbudd.com
dfernandes@baronbudd.com
atamburelli@baronbudd.com

Christopher A. Seeger (*pro hac vice*)
Christopher L. Ayers (*pro hac vice forthcoming*)
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
Facsimile: (973) 639-9393
cseeger@seegerweiss.com
cayers@seegerweiss.com

Shauna Brie Itri (*pro hac vice*)
**SEEGER WEISS LLP**
1515 Market Street, Suite 1380
Philadelphia, PA 19102
Telephone: (215) 564-2300
Facsimile: (215) 851-8029
sitri@seegerweiss.com

W. Daniel "Dee" Miles, III (*pro hac vice*)
H. Clay Barnett, III (*pro hac vice*)
J. Mitch Williams (*pro hac vice*)
Rebecca D. Gilliland (*pro hac vice*)
Dylan T. Martin (*pro hac vice*)
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C**.
272 Commerce Street
Montgomery, AL 36104
Telephone: (334) 269-2343
Dee.Miles@beasleyallen.com
Clay.Barnett@beasleyallen.com
Mitch.Williams@beasleyallen.com
Rebecca.Gilliland@beasleyallen.com
Dylan.Martin@beasleyallen.com

David M. Birka-White  (CA Bar # 85721)
**BIRKA-WHITE LAW OFFICES**
178 E. Prospect Avenue
Danville, CA 94526
Telephone: (925) 362-9999
dbw@birka-white.com

James E. Cecchi (*pro hac vice forthcoming*)
Caroline F. Bartlett (*pro hac vice forthcoming*)
Jordan M. Steele (*pro hac vice forthcoming*)
**CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Facsimile:  (973) 994-1744
jcecchi@carellabyrne.com
cbartlett@carellabyrne.com
jsteele@carellabyrne.com

Joseph H. Meltzer (*pro hac vice forthcoming*)
Melissa L. Troutner (*pro hac vice*)
Eric. K. Gerard (*pro hac vice*)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lauren M. McGinley (*pro hac vice*)
**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
jmeltzer@ktmc.com
mtroutner@ktmc.com
egerard@ktmc.com
lmcginley@ktmc.com

Charles E. Schaffer (*pro hac vice forthcoming*)
David C. Magagna Jr. (*pro hac vice forthcoming*)
**LEVIN, SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
cschaffer@lfsblaw.com
dmagagna@lfsblaw.com

E. Powell Miller (*pro hac vice forthcoming*)
**THE MILLER LAW FIRM, P.C.**
950 West University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com

Jason P. Sultzer, Esq. (*pro hac vice forthcoming*)
**THE SULTZER LAW GROUP P.C.**
270 Madison Avenue, Suite 1800
New York, NY 10016
Tel: (845) 483-7100
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))</u>

In accordance with Civil Local Rule 5-1(i)(3), I attest the concurrence in the filing of this document has been obtained from the signatories.

Dated:  December 7, 2021                    */s/ David S. Stellings*
                                                              David S. Stellings

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 7, 2021, a true and correct copy of the foregoing was electronically filed and served electronically via the Court's CM/ECF system, which will automatically serve notice to all registered counsel of record.

*/s/ David S. Stellings*
David S. Stellings