1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7   RAMIRO PEREDA, et al.,                      Case No. 21-cv-06338-JST

8              Plaintiffs,

9          v.                                    **ORDER GRANTING MOTION TO
                                                 STAY DISCOVERY**
10  GENERAL MOTORS LLC, et al.,                  Re: ECF No. 151

11             Defendants.

12

13          Now before the Court is a motion to stay discovery brought by Defendant General Motors

14  LLC, General Motors Holding LLC, and General Motors Company (collectively, "GM").  ECF

15  No. 151.  The Court will grant the motion.

16          "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of

17  discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278

18  F.R.D. 597, 600 (D. Nev. 2011).  "Had the Federal Rules contemplated that a motion to dismiss

19  under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that

20  effect.  In fact, such a notion is directly at odds with the need for expeditious resolution of

21  litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).  However, a

22  district court does have "wide discretion in controlling discovery," *Little v. City of Seattle*, 863

23  F.2d 681, 685 (9th Cir. 1988), including staying discovery upon a showing of "good cause," *See*

24  Fed. R. Civ. P. 26(c)(1).

25          "Courts in this district have applied a two-pronged test to determine whether discovery

26  should be stayed pending resolution of a dispositive motion." *Yiren Huang v. Futurewei Techs.,*

27  *Inc.*, No. 18-CV-00534-BLF, 2018 WL 1993503, at *2 (N.D. Cal. Apr. 27, 2018).  "First, a

28  pending motion must be potentially dispositive of the entire case, or at least dispositive on the

1  issue at which discovery is directed." *Id.* "Second, the court must determine whether the pending

2  motion can be decided absent discovery." *Id.* "If the court answers these two questions in the

3  affirmative, a protective order may issue. However, if either prong of this test is not established,

4  discovery proceeds." *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 220 F.R.D. 349,

5  352 (N.D. Cal. 2003). In applying this two-factor test, the court "must take a 'preliminary peek' at

6  the merits of the pending dispositive motion to assess whether a stay is warranted." *Tradebay*,

7  278 F.R.D. at 602. In conducting this analysis, "courts in this circuit sometimes also consider

8  whether a stay of discovery will promote efficiency or conserve the parties' resources, recognizing

9  that engaging in discovery prior to adjudication of a strong motion to dismiss would represent a

10  potential 'waste of resources.'" *Kincheloe v. Am. Airlines, Inc.*, No. 21-cv-00515-BLF, 2021 WL

11  5847884, at \*1 (N.D. Cal. Dec. 9, 2021) (quoting *Fields v. Roberts*, No. 1:06-cv-00407-AWI-

12  GSA-PC, 2013 WL 5230034, at \*1 (E.D. Cal. Sept. 16, 2013)).

13  "A party seeking a stay of discovery carries the heavy burden of making a 'strong

14  showing' why discovery should be denied." *Gray*, 133 F.R.D. at 40 (*quoting Blankenship v.*

15  *Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). "The moving party must show a particular and

16  specific need for the protective order, as opposed to making stereotyped or conclusory

17  statements." *Id.* (citations omitted).

18  After considering the relevant factors, the Court concludes that a brief stay of discovery is

19  warranted until the pleadings are settled. The motion to dismiss contains several dispositive

20  arguments, including dismissal of the non-California Plaintiffs' claims for lack of personal

21  jurisdiction, dismissal of the California Plaintiffs' claims for failure to plausibly allege a defect in

22  the vehicles, and an argument in favor of transferring the case to the Eastern District of Michigan.

23  ECF No. 150.

24  The arguments raised in the motion to dismiss and opposition do not require discovery.

25  ECF Nos. 150; 162. Plaintiffs' only argument to the contrary is that "discovery could help to

26  resolve the disputed issue of whether the Class Vehicles have a defect." ECF No. 156 at 13. But

27  whether the vehicles contain a defect is not an issue the Court will need to determine in deciding

28  the motion to dismiss. Instead, the motion turns on whether Plaintiffs' complaint "***plausibly***

2

1    *allege[s]* a defect in their vehicles." ECF No. 150 at 14 (emphasis added). Further discovery is

2    not required to answer that question. Thus, both prongs of the two-factor test are satisfied.

3         The Court also finds that a stay will promote efficiency and conserve resources. The

4    complaint names 72 plaintiffs from 34 different state who represent "millions of . . . Class

5    members nationwide" whose cars are outfitted with allegedly defective software that "can prevent

6    seatbelt tightening and airbag deployment during certain types of crashes." ECF No. 12 at 5; ECF

7    No. 143-1 at 2. The complaint spans 280 pages and includes multiple state-specific causes of

8    actions for 34 states. ECF No. 12 at 2-3. In fact, "due to the number of Plaintiffs, the number of

9    claims, and the complexity of the issues," the parties requested, and the Court granted, a

10   stipulation enlarging the page limits for the motion to dismiss briefing. ECF Nos. 143-1, 148.

11   Even on a docket containing many large cases, this one stands out for its potential size.

12        The complexity of the case intensifies the burden of Plaintiffs' broad discovery requests.

13   After encouraging the parties to identify "specific discovery that would take place while a motion

14   to dismiss was pending" and not litigate the issues "on an all-or-nothing basis," the Court was

15   presented with a list of twelve broad discovery topics, seven of which require GM to identify

16   documents and information from 1999 to the present about a panoply of GM vehicles. ECF No.

17   151 at 9. According to GM, before engaging in discovery it would "first need to catalog all GM

18   branded trucks and SUVs for the past 23 years . . . and then determine the type of restraint system

19   installed in each of those vehicles." *Id.* at 10. Based on an "initial assessment of the number of

20   possible vehicle configurations," GM estimates "at least 400 different configurations for SUVs

21   and trucks for 15 of the 23 years of the purported class." *Id.* GM would then need to locate

22   documents responsive to Plaintiffs' twelve broad topics, such as "Documents sufficient to identify

23   the SDM software program and version used in each GM Trucks Group vehicle from MY 1999 to

24   the present." ECF No. 151 at 9. Big cases often engender substantial discovery, and the Court

25   does not here suggest that Plaintiffs' proposed discovery is not proportional to the needs of the

26   case. That question is not before the Court. The Court does find, however, that before embarking

27   on such discovery, it would benefit the parties and the Court to know what claims are at issue.

28        Furthermore, after reviewing the pending motion to dismiss and opposition, the Court finds

1   that many of GM's arguments are sufficiently well-stated that they deserve careful consideration

2   before allowing the parties to proceed with costly and time-consuming discovery.  Moreover, any

3   prejudice to the Plaintiffs will be limited, as GM's motion to dismiss is scheduled to be heard in

4   less than 60 days.

5                                           **CONCLUSION**

6           For the foregoing reasons, GM's motion to stay discovery is granted. Discovery is stayed

7   until the pleadings are settled or upon further order of the Court.

8           **IT IS SO ORDERED.**

9   Dated:  March 15, 2022

10  _____

                    JON S. TIGAR

11                  United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28