# EXHIBIT 1

Roland Tellis (SBN 186269)
David B. Fernandes (SBN 280944)
Adam M. Tamburelli (SBN 301902)
**BARON & BUDD P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818.839.2333
rtellis@baronbudd.com
dfernandes@baronbudd.com
atamburelli@baronbudd.com

*Counsel for Chris Caruso*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MILSTEAD, et al., on behalf of themselves and all others similar situated,<br><br>        Plaintiffs,<br><br>v.<br><br>General Motors LLC et al.,<br><br>        Defendants. | Case No. 4:21-cv-06338-JST<br><br>**CHRIS CARUSO'S RESPONSES AND OBJECTIONS TO DEFENDANT GENERAL MOTORS LLC'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**<br><br>Hon. Jon S. Tigar |

- 1 -

1

## **PRELIMINARY STATEMENT**

2          Chris Caruso, in accordance with Rules 26, 34, and 45 of the Federal Rules of Civil

3   Procedure, and the Local Rules of the United States District Court for the Northern District of

4   California, makes these Responses and Objections to Defendant General Motors LLC's ("GM")

5   Subpoena to Produce Documents, Information, or Objects dated January 17, 2025 ("Requests").

6   Caruso reserves the right to later modify, supplement, or amend these objections and responses as

7   additional information becomes available or if information is inadvertently omitted or mistakenly

8   stated herein. These responses should not be construed as, and do not constitute, a waiver of

9   Caruso's right to provide additional facts during other phases of litigation.

10          Caruso objects to each Request to the extent it seeks documents and information protected

11   by the attorney-client privilege or work-product doctrine or by California and federal privacy law.

12   Caruso does not agree to search for or produce documents subject to these protections and

13   intends, where appropriate, to withhold documents on this basis.

14          Caruso responds to each Request is solely in his capacity as a percipient fact witness in

15   this Litigation.

16

## **OBJECTIONS TO DEFINITIONS**

17          Caruso sets forth the following objections to GM's definitions, which Caruso incorporates

18   by reference into his specific objections to each Request, as applicable to the defined terms used

19   in those Requests, and as set forth below.

20          1.     Caruso objects to Definition No. 1 ("communication") and to Definition No. 4

21   ("document") to the extent they seek information protected from disclosure by the attorney-client

22   privilege, the work-product doctrine, or any other applicable privilege, protection, immunity, or

23   doctrine of similar effect, including protections for financial and business records under

24   California and federal privacy law.

25          2.     Caruso object to Definition No. 3 ("Delco Electronics") to the extent "other

26   persons acting, or purporting to act, on behalf of the preceding entities" is vague and ambiguous,

27   Caruso will construe such "other persons" to include individuals, employees, agents, and

28   representatives that he knew or believed to be acting on behalf of those entities.

3.    Caruso objects to Definition No. 4 ("document") to the extent it imposes any obligation on Caruso that is beyond the scope of the Federal Rules of Civil Procedure. Caruso will construe the term "document" consistent with Federal Rule of Civil Procedure 34.

4.    Caruso objects to Definition No. 12 ("SDM") as overbroad and unduly burdensome in that "any type of airbag control unit," includes SDMs and associated algorithms and calibrations which are not the subject of this Litigation.

5.    Caruso objects to Definition No. 14 ("You" and "Your") as vague, overbroad, and as seeking to extend these Requests beyond the subject of this Subpoena. Caruso also objects to the extent "any agents, representatives or other acting on Your behalf" seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, immunity, or doctrine. Caruso will interpret "You" and "Your" to mean himself.

6.    Caruso objects to GM's use of the terms "regarding" and "related to" in the Requests as vague and ambiguous insofar as GM fails to define these potentially expansive terms.

## OBJECTIONS TO INSTRUCTIONS

Caruso incorporates the following objections to the "Instructions" section of the Requests into each objection set forth below to each specific Request. Any specific objection made by Caruso in no respect limits or modifies the objections to the "Instructions" section of the Requests stated herein.

1.    Caruso objects to the Instructions to the extent they differ in any material respect from his obligations under the Federal Rules of Civil Procedure, including Rules 34 and 45; Caruso will provide responses consistent with the Federal Rules of Civil Procedure.

## OBJECTIONS AND RESPONSES TO DOCUMENTS REQUESTED

**REQUEST NO. 1:**

All documents and communications relating to the allegations in Plaintiffs' Complaint that "Old GM overrode serious concerns from a team from Delco Electronics (later called Delphi Electronics, now known as Aptiv), including engineering manager, Chris Caruso" regarding the Subject Vehicles, including but not limited to allegations that "Caruso and a team of software

- 3 -

1  engineers from Delco . . . expressly warned Old GM in or about 1999 that using its strategy to

2  prematurely cut off the potential for airbag and seatbelt deployment during a crash event was a

3  reckless and dangerous design decision."

4  **RESPONSE TO REQUEST NO. 1:**

5    Caruso incorporates by reference the Preliminary Statement, Objections to Definitions,

6  and Objections to Instructions as if expressly set forth herein.

7    Caruso objects to this Request as unduly burdensome insofar as it seeks documents to

8  which GM has equal or greater access and which are more convenient, less burdensome, or less

9  costly to obtain from sources other than Caruso, such as Aptiv. Caruso also objects to this

10  Request to the extent it seeks the production of expert or expert consulting materials in other

11  cases that are or may be covered by a protective order or other applicable privilege or protection.

12  Caruso further objects to this Request to the extent it calls for premature or otherwise improper

13  production of expert disclosures, which are governed by the case schedule and Rule 26(a)(2), and

14  also calls for documents, communications, or other materials protected from discovery under

15  Rule 26(b)(4).

16    Subject to his objections, Caruso will conduct a reasonable search for and produce copies

17  of non-protected (a) documents and communications that reflect information that he acquired as a

18  percipient fact witness with respect to the SDM Calibration Defect,[1] and (b) documents and

19  communications from his work in prior litigations that reflect factual information about the SDM

20  Calibration Defect.

21  **REQUEST NO. 2:**

22    All documents and communications relating to the allegations in Plaintiffs' Complaint that

23  "a separate team in charge of the design and development for GM cars rejected GM Trucks'

24  approach [to SDM calibrations] after hearing (and heeding) the Delco team's concerns about the

25  earlier [SDM calibration] cut off."

26

27

28  [1] "SDM Calibration Defect" shall have the same meaning as defined in Plaintiffs' Second
   Amended Class Action Complaint.

**RESPONSE TO REQUEST NO. 2:**

Caruso incorporates by reference the Preliminary Statement, Objections to Definitions, and Objections to Instructions as if expressly set forth herein.

Caruso objects to this request as unduly burdensome insofar as it seeks documents to which GM has equal or greater access and which are more convenient, less burdensome, or less costly to obtain from sources other than Caruso, such as Aptiv. Caruso also objects to this Request to the extent it seeks the production of expert or expert consulting materials in other cases that are or may be covered by a protective order or other applicable privilege or protection. Caruso further objects to this Request to the extent it calls for premature or otherwise improper production of expert disclosures, which are governed by the case schedule and Rule 26(a)(2), and also calls for documents, communications, or other materials protected from discovery under Rule 26(b)(4).

Subject to his objections, Caruso will conduct a reasonable search for and produce copies of non-protected (a) documents and communications that reflect information that he acquired as a percipient fact witness with respect to the SDM Calibration Defect, and (b) documents and communications from his work in prior litigations that reflect factual information about the SDM Calibration Defect.

**REQUEST NO. 3:**

All documents and communications relating to the design, development, and validation of the SDM calibrations in the Subject Vehicles, including but not limited to the SDM software program known as ALGO-S.

**RESPONSE TO REQUEST NO. 3:**

Caruso incorporates by reference the Preliminary Statement, Objections to Definitions, and Objections to Instructions as if expressly set forth herein.

Caruso objects to this Request as unduly burdensome to the extent it is duplicative of Request No. 1. Caruso also objects to this Request as unduly burdensome insofar as it seeks documents to which GM has equal or greater access and which are more convenient, less burdensome, or less costly to obtain from sources other than Caruso, such as Aptiv. Caruso

- 5 -

further objects to this Request to the extent it seeks the production of expert or expert consulting

materials in other cases that are or may be covered by a protective order or other applicable

privilege or protection. Finally, Caruso objects to this Request to the extent it calls for premature

or otherwise improper production of expert disclosures, which are governed by the case schedule

and Rule 26(a)(2), and also calls for documents, communications, or other materials protected

from discovery under Rule 26(b)(4).

Subject to his objections, Caruso will conduct a reasonable search for and produce copies

of non-protected (a) documents and communications that reflect information that he acquired as a

percipient fact witness with respect to the SDM Calibration Defect, and (b) documents and

communications from his work in prior litigations that reflect factual information about the SDM

Calibration Defect.

**REQUEST NO. 4:**

All Production Definition Documents ("PDD"), Software Definition Documents ("SDD"),

Algorithm Definition Documents ("ADD"), frontal impact calibration summaries, and frontal

impact calibration parameter settings for the Subject Vehicles.

**RESPONSE TO REQUEST NO. 4:**

Caruso incorporates by reference the Preliminary Statement, Objections to Definitions,

and Objections to Instructions as if expressly set forth herein.

Caruso objects to this Request as unduly burdensome insofar as it seeks documents to

which GM has equal or greater access and which are more convenient, less burdensome, or less

costly to obtain from sources other than Caruso, such as Aptiv.

Subject to these objections, after a diligent search, Caruso states that he does not have any

documents responsive to this Request in his possession, custody, or control.

**REQUEST NO. 5:**

All documents and communications relating to or describing the event progression timer ("EP-1 timer") utilized in the Subject Vehicles and the rationale for selecting a given EP-1 timer value for those vehicles.

**RESPONSE TO REQUEST NO. 5:**

Caruso incorporates by reference the Preliminary Statement, Objections to Definitions, and Objections to Instructions as if expressly set forth herein.

Caruso objects to this Request as unduly burdensome insofar as it seeks documents to which GM has equal or greater access and which are more convenient, less burdensome, or less costly to obtain from sources other than Caruso, such as Aptiv. Caruso also objects to this Request to the extent it seeks the production of expert or expert consulting materials in other cases that are or may be covered by a protective order or other applicable privilege or protection. Caruso further objects to this Request to the extent it calls for premature or otherwise improper production of expert disclosures, which are governed by the case schedule and Rule 26(a)(2), and also calls for documents, communications, or other materials protected from discovery under Rule 26(b)(4).

Subject to his objections, Caruso will conduct a reasonable search for and produce copies of non-protected (a) documents and communications that reflect information that he acquired as a percipient fact witness with respect to the SDM Calibration Defect, and (b) documents and communications from his work in prior litigations that reflect factual information about the SDM Calibration Defect.

**REQUEST NO. 6:**

All documents and communications relating to the design, development, and validation of the SDMs used in the Subject Vehicles, including but not limited to the SDM-GS, SDM-11, SDM-30, and SDM-DS.

**RESPONSE TO REQUEST NO. 6:**

Caruso incorporates by reference the Preliminary Statement, Objections to Definitions, and Objections to Instructions as if expressly set forth herein.

Caruso objects to this Request as unduly burdensome insofar as it seeks documents to which GM has equal or greater access and which are more convenient, less burdensome, or less costly to obtain from sources other than Caruso, such as Aptiv. Caruso also objects to this Request to the extent it seeks the production of expert or expert consulting materials in other cases that are or may be covered by a protective order or other applicable privilege or protection. Caruso further objects to this Request to the extent it calls for premature or otherwise improper production of expert disclosures, which are governed by the case schedule and Rule 26(a)(2), and also calls for documents, communications, or other materials protected from discovery under Rule 26(b)(4).

Subject to his objections, Caruso will conduct a reasonable search for and produce copies of non-protected (a) documents and communications that reflect information that he acquired as a percipient fact witness with respect to the SDM Calibration Defect, and (b) documents and communications from his work in prior litigations that reflect factual information about the SDM Calibration Defect.

**REQUEST NO. 7:**

All documents and communications relating to any concerns or warnings expressed by You or Delco Electronics to Old GM or GM regarding the SDM calibrations in the Subject Vehicles.

**RESPONSE TO REQUEST NO. 7:**

Caruso incorporates by reference the Preliminary Statement, Objections to Definitions, and Objections to Instructions as if expressly set forth herein.

Caruso objects to this Request as unduly burdensome insofar as it seeks documents to which GM has equal or greater access and which are more convenient, less burdensome, or less costly to obtain from sources other than Caruso, such as Aptiv. Caruso also objects to this Request to the extent it seeks the production of expert or expert consulting materials in other

- 8 -

1  cases that are or may be covered by a protective order or other applicable privilege or protection.

2  Caruso further objects to this Request to the extent it calls for premature or otherwise improper

3  production of expert disclosures, which are governed by the case schedule and Rule 26(a)(2), and

4  also calls for documents, communications, or other materials protected from discovery under

5  Rule 26(b)(4).

6      Subject to his objections, Caruso will conduct a reasonable search for and produce copies

7  of non-protected (a) documents and communications that reflect information that he acquired as a

8  percipient fact witness with respect to the SDM Calibration Defect, and (b) documents and

9  communications from his work in prior litigations that reflect factual information about the SDM

10  Calibration Defect.

11  **REQUEST NO. 8:**

12      All documents and communications relating to design considerations for the SDM

13  calibrations in the Subject Vehicles.

14  **RESPONSE TO REQUEST NO. 8:**

15      Caruso incorporates by reference the Preliminary Statement, Objections to Definitions,

16  and Objections to Instructions as if expressly set forth herein.

17      Caruso objects to this Request as unduly burdensome insofar as it seeks documents to

18  which GM has equal or greater access and which are more convenient, less burdensome, or less

19  costly to obtain from sources other than Caruso, such as Aptiv. Caruso also objects to this

20  Request to the extent it seeks the production of expert or expert consulting materials in other

21  cases that are or may be covered by a protective order or other applicable privilege or protection.

22  Caruso further objects to this Request to the extent it calls for premature or otherwise improper

23  production of expert disclosures, which are governed by the case schedule and Rule 26(a)(2), and

24  also calls for documents, communications, or other materials protected from discovery under

25  Rule 26(b)(4).

26      Subject to his objections, Caruso will conduct a reasonable search for and produce copies

27  of non-protected (a) documents and communications that reflect information that he acquired as a

28  percipient fact witness with respect to the SDM Calibration Defect, and (b) documents and

1  communications from his work in prior litigations that reflect factual information about the SDM

2  Calibration Defect.

3  **REQUEST NO. 9:**

4      All documents identifying the SDMs and SDM calibrations used in the Subject Vehicles.

5  **RESPONSE TO REQUEST NO. 9:**

6      Caruso incorporates by reference the Preliminary Statement, Objections to Definitions,

7  and Objections to Instructions as if expressly set forth herein.

8      Caruso also objects to this Request as unduly burdensome insofar as it seeks documents to

9  which GM has equal or greater access and which are more convenient, less burdensome, or less

10  costly to obtain from sources other than Caruso, such as Aptiv. Caruso also objects to this

11  Request to the extent it seeks the production of expert or expert consulting materials in other

12  cases that are or may be covered by a protective order or other applicable privilege or protection.

13  Caruso further objects to this Request to the extent it calls for premature or otherwise improper

14  production of expert disclosures, which are governed by the case schedule and Rule 26(a)(2), and

15  also calls for documents, communications, or other materials protected from discovery under

16  Rule 26(b)(4).

17      Subject to his objections, Caruso will conduct a reasonable search for and produce copies

18  of non-protected (a) documents that reflect information that he acquired as a percipient fact

19  witness with respect to the SDM Calibration Defect, and (b) documents from his work in prior

20  litigations that reflect factual information about the SDM Calibration Defect.

21  **REQUEST NO. 10:**

22      All documents and communications exchanged between You and Plaintiffs, Plaintiffs'

23  Counsel, and/or any other person or entity regarding this Litigation.

24  **RESPONSE TO REQUEST NO. 10:**

25      Caruso incorporates by reference the Preliminary Statement, Objections to Definitions,

26  and Objections to Instructions as if expressly set forth herein.

27      Caruso objects to this Request to the extent "All documents and communications" seeks

28  information protected from disclosure by the attorney-client privilege, the work-product doctrine,

- 10 -

1   or any other applicable privilege, protection, immunity, or doctrine of similar effect. Caruso also

2   objects to this Request to the extent it seeks information protected from disclosure by the

3   attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection,

4   immunity, or doctrine of similar effect. Caruso also objects to this Request to the extent it seeks

5   the production of expert or expert consulting materials in other cases that are or may be covered

6   by a protective order or other applicable privilege or protection. Caruso further objects to this

7   Request to the extent it calls for premature or otherwise improper production of expert

8   disclosures, which are governed by the case schedule and Rule 26(a)(2), and also calls for

9   documents, communications, or other materials protected from discovery under Rule 26(b)(4).

10       Subject to his objections, Caruso will conduct a reasonable search for and produce copies

11   of non-protected (a) documents and communications that reflect information that he acquired as a

12   percipient fact witness with respect to the SDM Calibration Defect, and (b) documents and

13   communications from his work in prior litigations that reflect factual information about the SDM

14   Calibration Defect.

15   **REQUEST NO. 11:**

16       All documents regarding your work in the *McCoy v. General Motors* case, including but

17   not limited to any reports or declarations you submitted and any attachments thereto.

18   **RESPONSE TO REQUEST NO. 11:**

19       Caruso incorporates by reference the Preliminary Statement, Objections to Definitions,

20   and Objections to Instructions as if expressly set forth herein.

21       Caruso objects to this Request as overbroad and unduly burdensome to the extent "All

22   documents regarding your work" seeks information that is neither relevant to any claim or

23   defense in this Litigation, nor proportional to the needs of this case. Caruso also objects to this

24   Request to the extent it seeks the production of expert or expert consulting materials in other

25   cases that are or may be covered by a protective order or other applicable privilege or protection.

26   Caruso further objects to this Request to the extent it calls for premature or otherwise improper

27   production of expert disclosures, which are governed by the case schedule and Rule 26(a)(2), and

28

1    also calls for documents, communications, or other materials protected from discovery under

2    Rule 26(b)(4).

3        Subject to his objections, Caruso will conduct a reasonable search for and produce copies

4    of non-protected documents from his work in the *McCoy v. General Motors* case that reflect

5    factual information about the SDM Calibration Defect, including any reports or declarations

6    submitted.

7    **REQUEST NO. 12:**

8        Documents sufficient to identify the "numerous failure to deploy cases where the root

9    cause was determined to be the 45 ms SHUTOFF criteria" referenced in Your May 26, 2022

10   Forensic Report in the *McCoy v. General Motors* case.

11   **RESPONSE TO REQUEST NO. 12:**

12       Caruso incorporates by reference the Preliminary Statement, Objections to Definitions,

13   and Objections to Instructions as if expressly set forth herein.

14       Caruso objects to this Request as unduly burdensome insofar as it seeks documents to

15   which GM has equal or greater access and which are more convenient, less burdensome, or less

16   costly to obtain from sources other than Caruso, such as Aptiv. Caruso also objects to this

17   Request to the extent it seeks the production of expert or expert consulting materials in other

18   cases that are or may be covered by a protective order or other applicable privilege or protection.

19       Subject to his objections, Caruso will conduct a reasonable search for and produce copies

20   of non-protected documents to identify other failure to deploy cases where the root cause was

21   determined to be the 45 ms SHUTOFF criteria as referenced in his May 26, 2022 Forensic Report

22   in the *McCoy v. General Motors* case.

23   **REQUEST NO. 13:**

24       All documents supporting Your contention in Your May 26, 2022 Forensic Report in the

25   *McCoy v. General Motors* case that "modify[ing] the algorithm calibrations [in the 2018 GMC

26   Sierra HD Frontal impact Safety System] with more robust 120-150ms ep_end_threshold values"

27   was "[t]he safer alternative design."

28

**RESPONSE TO REQUEST NO. 13:**

Caruso incorporates by reference the Preliminary Statement, Objections to Definitions, and Objections to Instructions as if expressly set forth herein.

Caruso objects to this Request as unduly burdensome insofar as it seeks documents to which GM has equal or greater access and which are more convenient, less burdensome, or less costly to obtain from sources other than Caruso, including Aptiv. Caruso also objects to this Request to the extent it seeks the production of expert or expert consulting materials in other cases that are or may be covered by a protective order or other applicable privilege or protection.

Subject to these objections, in his capacity as a percipient fact witness in this Litigation, Caruso will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications to the extent such documents exist.

**REQUEST NO. 14:**

All documents regarding your work in the *Nossar v. General Motors* case, including but not limited to any reports or declarations You submitted and any attachments thereto.

**RESPONSE TO REQUEST NO. 14:**

Caruso incorporates by reference the Preliminary Statement, Objections to Definitions, and Objections to Instructions as if expressly set forth herein.

Caruso objects to this Request as overbroad and unduly burdensome to the extent "All documents regarding your work" seeks information that is neither relevant to any claim or defense in this Litigation, nor proportional to the needs of this case. Caruso also objects to this Request as unduly burdensome insofar as it seeks documents to which GM has equal or greater access and which are more convenient, less burdensome, or less costly to obtain from sources other than Caruso. Caruso further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, immunity, or doctrine of similar effect. Finally, Caruso objects to this Request to the extent it seeks the production of expert or expert consulting materials in other cases that are or may be covered by a protective order or other applicable privilege or protection.

- 13 -

1    Subject to his objections, Caruso will conduct a reasonable search for and produce copies

2    of non-protected documents from his work in the *Nossar v. General Motors* case that reflect

3    factual information about the SDM Calibration Defect, including any reports or declarations

4    submitted.

5    **REQUEST NO. 15**:

6    All documents regarding your work in the *Vaith v. General Motors* case, including but not

7    limited to any reports or declarations You submitted and any attachments thereto.

8    **RESPONSE TO REQUEST NO. 15:**

9    Caruso incorporates by reference the Preliminary Statement, Objections to Definitions,

10   and Objections to Instructions as if expressly set forth herein.

11   Caruso objects to this Request as overbroad and unduly burdensome to the extent "All

12   documents regarding your work" seeks information that is neither relevant to any claim or

13   defense in this Litigation, nor proportional to the needs of this case. Caruso also objects to this

14   Request as unduly burdensome insofar as it seeks documents to which GM has equal or greater

15   access and which are more convenient, less burdensome, or less costly to obtain from sources

16   other than Caruso. Caruso further objects to this Request to the extent it seeks information

17   protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other

18   applicable privilege, protection, immunity, or doctrine of similar effect. Finally, Caruso objects to

19   this Request to the extent it seeks the production of expert or expert consulting materials in other

20   cases that are or may be covered by a protective order or other applicable privilege or protection.

21   Subject to his objections, Caruso will conduct a reasonable search for and produce copies

22   of non-protected documents from his work in the *Vaith v. General Motors* case that reflect factual

23   information about the SDM Calibration Defect, including any reports or declarations submitted.

24   **REQUEST NO. 16**:

25   All documents and communications relating to any allegations by You that the SDM

26   calibrations in the Subject Vehicles are unsafe.

27

28

**RESPONSE TO REQUEST NO. 16:**

Caruso incorporates by reference the Preliminary Statement, Objections to Definitions, and Objections to Instructions as if expressly set forth herein.

Caruso objects on the grounds that "allegations by You" is vague and ambiguous because Caruso has not made any "allegations" in this case. Caruso also objects to this Request as unduly burdensome insofar as it seeks documents to which GM has equal or greater access and which are more convenient, less burdensome, or less costly to obtain from sources other than Caruso, including Aptiv. Caruso further objects to this Request to the extent it seeks the production of expert or expert consulting materials in other cases that are or may be covered by a protective order or other applicable privilege or protection. Finally, Caruso objects to this Request to the extent it calls for premature or otherwise improper production of expert disclosures, which are governed by the case schedule and Rule 26(a)(2), and also calls for documents, communications, or other materials protected from discovery under Rule 26(b)(4).

Subject to his objections, Caruso will conduct a reasonable search for and produce copies of non-protected (a) documents that reflect information that he acquired as a percipient fact witness with respect to the SDM Calibration Defect, and (b) documents from his work in prior litigations that reflect factual information about the SDM Calibration Defect.

**REQUEST NO. 17:**

All documents and communications relating to any crashes with a purported airbag non-deployment in any Subject Vehicle in which you contend such non-deployment was the result of a defective SDM calibration.

**RESPONSE TO REQUEST NO. 17:**

Caruso incorporates by reference the Preliminary Statement, Objections to Definitions, and Objections to Instructions as if expressly set forth herein.

Caruso objects to this Request as overbroad and unduly burdensome to the extent "All documents and communications relating to any crashes" seeks information that is neither relevant to any claim or defense in this Litigation, nor proportional to the needs of this case. As written, the Request would include non-frontal crashes that are not the subject of this Litigation. Caruso

- 15 -

1    also objects to this Request as unduly burdensome insofar as it seeks documents to which GM has

2    equal or greater access and which are more convenient, less burdensome, or less costly to obtain

3    from sources other than Caruso, including Aptiv. Caruso also objects to this Request to the extent

4    it seeks the production of expert or expert consulting materials in other cases that are or may be

5    covered by a protective order or other applicable privilege or protection. Caruso further objects to

6    this Request to the extent it calls for premature or otherwise improper production of expert

7    disclosures, which are governed by the case schedule and Rule 26(a)(2), and also calls for

8    documents, communications, or other materials protected from discovery under Rule 26(b)(4).

9         Subject to his objections, Caruso will conduct a reasonable search for and produce copies

10   of non-protected (a) documents and communications that reflect information that he acquired as a

11   percipient fact witness with respect to the SDM Calibration Defect, and (b) documents and

12   communications from his work in prior litigations that reflect factual information about the SDM

13   Calibration Defect.

14   **REQUEST NO. 18:**

15        All documents and communications exchanged between You and NHTSA regarding the

16   SDMs or SDM calibrations in the Subject Vehicles.

17   **RESPONSE TO REQUEST NO. 18:**

18        Caruso incorporates by reference the Preliminary Statement, Objections to Definitions,

19   and Objections to Instructions as if expressly set forth herein.

20        Subject to these objections, after a diligent search, Caruso states that he does not have any

21   responsive documents in his possession, custody, or control.

22   **REQUEST NO. 19:**

23        All documents and communications relating to SDM calibrations used in the vehicles of

24   vehicle manufacturers' other than GM, including but not limited to documents identifying if the

25   vehicles of manufacturers other than GM include airbag calibrations with cutoff times less than

26   100 milliseconds.

27

28

1    **RESPONSE TO REQUEST NO. 19:**

2         Caruso incorporates by reference the Preliminary Statement, Objections to Definitions,

3    and Objections to Instructions as if expressly set forth herein.

4         Caruso objects to this Request as overbroad and unduly burdensome to the extent "All

5    documents and communications" seeks documents and communications that are neither relevant

6    to any claim or defense in this Litigation, nor proportional to the needs of this case. Caruso also

7    objects to this Request as unduly burdensome insofar as it seeks documents to which GM has

8    equal or greater access and which are more convenient, less burdensome, or less costly to obtain

9    from sources other than Caruso. Caruso further objects to this Request to the extent it seeks the

10   production of expert or expert consulting materials in other cases that are or may be covered by a

11   protective order or other applicable privilege or protection. Finally, Caruso objects to this Request

12   to the extent it calls for premature or otherwise improper production of expert disclosures, which

13   are governed by the case schedule and Rule 26(a)(2).

14        Subject to these objections, after a diligent search, Caruso states that he does not have any

15   responsive documents in his possession, custody, or control.

16   **REQUEST NO. 20:**

17        All documents and communications regarding any releases or disclaimers between Old

18   GM or GM and Delco Electronics regarding the SDM calibrations in the Subject Vehicles.

19   **RESPONSE TO REQUEST NO. 20:**

20        Caruso incorporates by reference the Preliminary Statement, Objections to Definitions,

21   and Objections to Instructions as if expressly set forth herein.

22        Caruso objects to this Request to the extent it seeks the production of expert or expert

23   consulting materials in other cases that are or may be covered by a protective order or other

24   applicable privilege or protection. Caruso also objects to this Request to the extent it calls for

25   premature or otherwise improper production of expert disclosures, which are governed by the

26   case schedule and Rule 26(a)(2), and also calls for documents, communications, or other

27   materials protected from discovery under Rule 26(b)(4).

28

1       Subject to his objections, Caruso will conduct a reasonable search for and produce copies

2   of non-protected (a) documents and communications that reflect information that he acquired as a

3   percipient fact witness with respect to the SDM Calibration Defect, and (b) documents and

4   communications from his work in prior litigations that reflect factual information about the SDM

5   Calibration Defect.

6   **REQUEST NO. 21:**

7       All documents and communications regarding the time and cost associated with

8   designing, developing, and validating the SDM calibrations in the Subject Vehicles.

9   **RESPONSE TO REQUEST NO. 21:**

10      Caruso incorporates by reference the Preliminary Statement, Objections to Definitions,

11  and Objections to Instructions as if expressly set forth herein.

12      Caruso objects to this Request as overbroad and unduly burdensome to the extent "All

13  documents and communications" seeks documents that are neither relevant to any claim or

14  defense in this Litigation, nor proportional to the needs of this case. Caruso also objects to this

15  request as unduly burdensome to the extent that it seeks information that is more readily

16  accessible to or already in the possession of GM. Caruso further objects to this Request to the

17  extent it seeks the production of expert or expert consulting materials in other cases that are or

18  may be covered by a protective order or other applicable privilege or protection. Finally, Caruso

19  objects to this Request to the extent it calls for premature or otherwise improper production of

20  expert disclosures, which are governed by the case schedule and Rule 26(a)(2), and also calls for

21  documents, communications, or other materials protected from discovery under Rule 26(b)(4).

22      Subject to these objections, after a diligent search, Caruso states that he does not have any

23  non-protected, responsive documents in his possession, custody, or control.

24  **REQUEST NO. 22:**

25      All documents and communications regarding differences in the SDM calibrations

26  contained in the Subject Vehicles and other GM vehicles, including Old GM cars and GM cars.

27

28

1    **RESPONSE TO REQUEST NO. 22:**

2          Caruso incorporates by reference the Preliminary Statement, Objections to Definitions,

3    and Objections to Instructions as if expressly set forth herein.

4          Caruso objects to this Request as overbroad and unduly burdensome to the extent "All

5    documents and communications" seeks documents that are neither relevant to any claim or

6    defense in this Litigation, nor proportional to the needs of this case. Caruso further objects to this

7    Request as unduly burdensome insofar as it seeks documents to which GM has equal or greater

8    access and which are more convenient, less burdensome, or less costly to obtain from sources

9    other than Caruso, including Aptiv. Caruso also objects to this Request to the extent the term

10   "differences" is vague and ambiguous. Caruso further objects to this Request to the extent it seeks

11   the production of expert or expert consulting materials in other cases that are or may be covered

12   by a protective order or other applicable privilege or protection. Finally, Caruso objects to this

13   Request to the extent it calls for premature or otherwise improper production of expert

14   disclosures, which are governed by the case schedule and Rule 26(a)(2), and also calls for

15   documents, communications, or other materials protected from discovery under Rule 26(b)(4).

16         Subject to his objections, Caruso will conduct a reasonable search for and produce copies

17   of non-protected (a) documents and communications that reflect information that he acquired as a

18   percipient fact witness with respect to the SDM Calibration Defect, and (b) documents and

19   communications from his work in prior litigations that reflect factual information about the SDM

20   Calibration Defect.

21   **REQUEST NO. 23:**

22         All engagement letters, contracts, or other documents related to Your work with Plaintiffs

23   in this Litigation.

24   **RESPONSE TO REQUEST NO. 23:**

25         Caruso incorporates by reference the Preliminary Statement, Objections to Definitions,

26   and Objections to Instructions as if expressly set forth herein.

27         Caruso objects to this Request as overbroad and unduly burdensome to the extent "All . . .

28   other documents" seeks information that is neither relevant to any claim or defense in this

- 19 -

1  Litigation, nor proportional to the needs of this case. Caruso also objects to this Request to the

2  extent it seeks information protected from disclosure by the attorney-client privilege, the work-

3  product doctrine, or any other applicable privilege, protection, immunity, or doctrine of similar

4  effect. Caruso further objects to this Request to the extent it calls for premature or otherwise

5  improper production of expert disclosures, which are governed by the case schedule and Rule

6  26(a)(2), and also calls for documents, communications, or other materials protected from

7  discovery under Rule 26(b)(4).

8      Pursuant to these objections, Caruso will not search for or produce any documents in

9  response to this Request.

10  **REQUEST NO. 24:**

11      All engagement letters, contracts, or other documents related to Your work in litigations in

12  which you were disclosed as an expert witness by a party represented by Plaintiffs' Counsel

13  involving allegations of a vehicle defect.

14  **RESPONSE TO REQUEST NO. 24:**

15      Caruso incorporates by reference the Preliminary Statement, Objections to Definitions,

16  and Objections to Instructions as if expressly set forth herein.

17      Caruso objects to this Request as overbroad and unduly burdensome to the extent "All

18  engagement letters, contracts, or other documents" seeks information that is neither relevant to

19  any claim or defense in this Litigation, nor proportional to the needs of this case. Caruso also

20  objects to this Request to the extent it seeks information protected from disclosure by the

21  attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection,

22  immunity, or doctrine of similar effect. Caruso further objects to this Request to the extent it

23  seeks the production of expert or expert consulting materials in other cases that are or may be

24  covered by a protective order or other applicable privilege or protection. Finally, Caruso objects

25  to this Request to the extent it calls for premature or otherwise improper production of expert

26  disclosures, which are governed by the case schedule and Rule 26(a)(2), and also calls for

27  documents, communications, or other materials protected from discovery under Rule 26(b)(4).

28

1        Pursuant to these objections, Caruso will not search for or produce any documents in

2    response to this Request.

3    **REQUEST NO. 25:**

4        Documents sufficient to show the number of cases in which You have offered expert

5    opinions that an Old GM or GM vehicle contained a design defect.

6    **RESPONSE TO REQUEST NO. 25:**

7        Caruso incorporates by reference the Preliminary Statement, Objections to Definitions,

8    and Objections to Instructions as if expressly set forth herein.

9        Caruso objects to this Request as overbroad and unduly burdensome to the extent

10    "contained a design defect" seeks documents that are neither relevant to any claim or defense in

11    this Litigation, nor proportional to the needs of this case. For example, as written this Request

12    would require Caruso to search for and produce records associated with "design defect[s]" that

13    are unrelated to occupant restraint systems. Caruso also objects to this Request to the extent it

14    seeks the production of expert or expert consulting materials in other cases that are or may be

15    covered by a protective order or other applicable privilege or protection.

16        Subject to these objections, after a diligent search, Caruso will produce documents

17    showing responsive cases, but states that he does not have any non-protected responsive

18    documents sufficient to show the total number of responsive cases in his possession, custody, or

19    control.

20    **REQUEST NO. 26:**

21        Documents sufficient to show the number of cases in which You have offered expert

22    opinions that a vehicle that was manufactured by an OEM other than Old GM or GM contained a

23    design defect.

24    **RESPONSE TO REQUEST NO. 26:**

25        Caruso incorporates by reference the Preliminary Statement, Objections to Definitions,

26    and Objections to Instructions as if expressly set forth herein.

27        Caruso objects to this Request as overbroad and unduly burdensome to the extent

28    "contained a design defect" seeks documents, without temporal limitation, that are neither

- 21 -

1    relevant to any claim or defense in this Litigation, nor proportional to the needs of this case. For

2    example, as written this Request would require Caruso to search for and produce any records

3    associated with "design defect[s]" that are unrelated to occupant restraint systems. Caruso also

4    objects to this Request to the extent it seeks the production of expert or expert consulting

5    materials in other cases that are or may be covered by a protective order or other applicable

6    privilege or protection.

7         Subject to these objections, after a diligent search, Caruso will produce documents

8    showing responsive cases, but states that he does not have any non-protected responsive

9    documents sufficient to show the total number of responsive cases in his possession, custody, or

10   control.

11   **REQUEST NO. 27:**

12        Documents sufficient to show the number and identification of cases in which You

13   evaluated but did not offer opinions regarding a non-deployment of an airbag designed by Old

14   GM or GM.

15   **RESPONSE TO REQUEST NO. 27:**

16        Caruso incorporates by reference the Preliminary Statement, Objections to Definitions,

17   and Objections to Instructions as if expressly set forth herein.

18        Caruso objects to the Request to the extent the phrase "evaluated but did not offer

19   opinions" is vague and ambiguous, and overbroad and unduly burdensome to the extent it seeks

20   documents, without temporal limitation, that are neither relevant to any claim or defense in this

21   Litigation, nor proportional to the needs of this case.

22        Subject to these objections, in his capacity as a percipient fact witness in this Litigation,

23   Caruso will conduct a reasonable search for and will produce copies of responsive, non-privileged

24   documents and communications to the extent such documents exist.

25   **REQUEST NO. 28:**

26        Transcripts from any testimony in depositions or trials in any case which You have

27   offered expert opinions that an Old GM or GM vehicle contained a design defect.

28

**RESPONSE TO REQUEST NO. 28:**

Caruso incorporates by reference the Preliminary Statement, Objections to Definitions, and Objections to Instructions as if expressly set forth herein.

Caruso objects to this Request as overbroad and unduly burdensome to the extent it seeks documents that are neither relevant to any claim or defense in this Litigation, nor proportional to the needs of this case. Caruso also objects to this Request to the extent that it seeks information that is more readily accessible to or already in the possession of GM. Caruso further objects to this Request to the extent it seeks the production of expert or expert consulting materials in other cases that are or may be covered by a protective order or other applicable privilege or protection. Finally, Caruso objects to this Request to the extent it calls for premature or otherwise improper production of expert disclosures, which are governed by the case schedule and Rule 26(a)(2), and also calls for documents, communications, or other materials protected from discovery under Rule 26(b)(4).

Subject to these objections, after a diligent search, Caruso states that he does not have any responsive documents in his possession, custody, or control.

**REQUEST NO. 29:**

Transcripts from any testimony in depositions or trials in any case where You have discussed crash sensing strategies for concatenated events.

**RESPONSE TO REQUEST NO. 29:**

Caruso incorporates by reference the Preliminary Statement, Objections to Definitions, and Objections to Instructions as if expressly set forth herein.

Caruso objects to this Request to the extent that it seeks information that is more readily accessible to or already in the possession of GM. Caruso also objects to this Request to the extent it seeks the production of expert or expert consulting materials in other cases that are or may be covered by a protective order or other applicable privilege or protection. Caruso further objects to this Request to the extent it calls for premature or otherwise improper production of expert disclosures, which are governed by the case schedule and Rule 26(a)(2), and also calls for documents, communications, or other materials protected from discovery under Rule 26(b)(4).

- 23 -

1    Subject to these objections, after a diligent search, Caruso states that he does not have any

2  responsive documents in his possession, custody, or control.

3  **REQUEST NO. 30:**

4    Documents sufficient to show income You have received for work in which You offered

5  expert opinions that an Old GM or GM designed vehicle contains a design defect.

6  **RESPONSE TO REQUEST NO. 30:**

7    Caruso incorporates by reference the Preliminary Statement, Objections to Definitions,

8  and Objections to Instructions as if expressly set forth herein.

9    Caruso objects to this Request as overbroad and unduly burdensome to the extent that it

10  includes records, without temporal limitation, that are neither relevant to any claim or defense in

11  this Litigation, nor proportional to the needs of this case. Caruso also objects to this Request to

12  the extent it calls for premature or otherwise improper production of expert disclosures, which are

13  governed by the case schedule and Rule 26(a)(2), and also calls for documents, communications,

14  or other materials protected from discovery under Rule 26(b)(4).

15    Subject to these objections, Caruso will not search for or produce any documents in

16  response to this Request.

17  **REQUEST NO. 31:**

18    Documents sufficient to show the number of cases in which You have offered expert

19  opinions that any vehicle, including but not limited to an Old GM or GM designed vehicle,

20  contained a design defect.

21  **RESPONSE TO REQUEST NO. 31:**

22    Caruso incorporates by reference the Preliminary Statement, Objections to Definitions,

23  and Objections to Instructions as if expressly set forth herein.

24    Caruso objects to this Request as overbroad and unduly burdensome to the extent it seeks

25  information, without temporal limitation, that is neither relevant to any claim or defense in this

26  Litigation, nor proportional to the needs of this case. Caruso also objects to the Request as unduly

27  burdensome in that it is duplicative of Requests No. 25 and No. 26. Caruso further objects to this

28

1  Request to the extent it seeks the production of expert or expert consulting materials in other

2  cases that are or may be covered by a protective order or other applicable privilege or protection.

3       Subject to these objections, after a diligent search, Caruso will produce documents

4  showing responsive cases, but states that he does not have any non-protected responsive

5  documents sufficient to show the total number of responsive cases in his possession, custody, or

6  control.

7  **REQUEST NO. 32:**

8       Documents sufficient to show income You have received for work in which You offered

9  expert opinions that any vehicle, including but not limited to an Old GM or GM designed vehicle,

10  contained a design defect.

11  **RESPONSE TO REQUEST NO. 32:**

12       Caruso incorporates by reference the Preliminary Statement, Objections to Definitions,

13  and Objections to Instructions as if expressly set forth herein.

14       Caruso objects to this Request as overbroad and unduly burdensome to the extent that

15  "Documents sufficient to show income" includes records that are neither relevant to any claim or

16  defense in this Litigation, nor proportional to the needs of this case. Caruso also objects to the

17  Request to the extent it includes financial information and other records protected by California

18  and federal privacy laws. Caruso further objects to this Request to the extent it calls for premature

19  or otherwise improper production of expert disclosures, which are governed by the case schedule

20  and Rule 26(a)(2), and also calls for documents, communications, or other materials protected

21  from discovery under Rule 26(b)(4).

22       Pursuant to these objections, Caruso will not search for or produce any documents in

23  response to this Request.

24  **REQUEST NO. 33:**

25       Documents sufficient to show the number of cases in which You have offered expert

26  opinions on behalf of a party represented by Plaintiffs' Counsel.

27

28

**RESPONSE TO REQUEST NO. 33:**

Caruso incorporates by reference the Preliminary Statement, Objections to Definitions, and Objections to Instructions as if expressly set forth herein.

Caruso objects to this Request to the extent it calls for premature or otherwise improper production of expert disclosures, which are governed by the case schedule and Rule 26(a)(2), and also calls for documents, communications, or other materials protected from discovery under Rule 26(b)(4).

Pursuant to these objections, Caruso will not search for or produce any documents in response to this Request.

**REQUEST NO. 34:**

Documents sufficient to show income You have received for work in which You were retained by a party represented by Plaintiffs' Counsel.

**RESPONSE TO REQUEST NO. 34:**

Caruso incorporates by reference the Preliminary Statement, Objections to Definitions, and Objections to Instructions as if expressly set forth herein.

Caruso objects to this Request as overbroad and unduly burdensome to the extent that "Documents sufficient to show income" includes records that are neither relevant to any claim or defense in this Litigation, nor proportional to the needs of this case. Caruso also objects to this Request to the extent it calls for premature or otherwise improper production of expert disclosures, which are governed by the case schedule and Rule 26(a)(2), and also calls for documents, communications, or other materials protected from discovery under Rule 26(b)(4).

Pursuant to these objections, Caruso will not search for or produce documents in response to this Request.

**REQUEST NO. 35:**

Documents sufficient to show income You have received from work in which You were retained to evaluate the performance of a vehicle designed by Old GM or GM.

1    **RESPONSE TO REQUEST NO. 35:**

2        Caruso incorporates by reference the Preliminary Statement, Objections to Definitions,

3    and Objections to Instructions as if expressly set forth herein.

4        Caruso objects to this Request as overbroad and unduly burdensome to the extent that

5    "Documents sufficient to show income" includes records that are neither relevant to any claim or

6    defense in this Litigation, nor proportional to the needs of this case. Caruso also objects to the

7    extent "You were retained to evaluate the performance of a vehicle" is vague and ambiguous.

8    Caruso further objects to this Request to the extent it calls for premature or otherwise improper

9    production of expert disclosures, which are governed by the case schedule and Rule 26(a)(2), and

10    also calls for documents, communications, or other materials protected from discovery under

11    Rule 26(b)(4).

12        Pursuant to these objections, Caruso will not search for or produce documents in response

13    to this Request.

14    **REQUEST NO. 36:**

15        Documents sufficient to identify all cases in which You have opined that airbag non-

16    deployment was attributable in whole or in part by a crash sensing algorithm defect.

17    **RESPONSE TO REQUEST NO. 36:**

18        Caruso incorporates by reference the Preliminary Statement, Objections to Definitions,

19    and Objections to Instructions as if expressly set forth herein. Caruso also objects to this Request

20    to the extent it seeks the production of expert or expert consulting materials in other cases that are

21    or may be covered by a protective order or other applicable privilege or protection. Caruso further

22    objects to this Request to the extent it calls for premature or otherwise improper production of

23    expert disclosures, which are governed by the case schedule and Rule 26(a)(2), and also calls for

24    documents, communications, or other materials protected from discovery under Rule 26(b)(4).

25        Subject to his objections, Caruso will conduct a reasonable search for and produce copies

26    of non-protected documents from his work in prior litigations that reflect factual information

27    about airbag non-deployments attributable in whole or in part to a crash sensing algorithm defect.

28

1

**REQUEST NO. 37:**

2

       All documents and communications related to any financial interest You have to this

3

Litigation, including but not limited to any payments you have received or expect to receive in

4

connection to this Litigation or any financial interest You have in the outcome of this Litigation.

5

**RESPONSE TO REQUEST NO. 37:**

6

       Caruso incorporates by reference the Preliminary Statement, Objections to Definitions,

7

and Objections to Instructions as if expressly set forth herein.

8

       Caruso objects to this Request to the extent it seeks information protected from disclosure

9

by the attorney-client privilege, the work-product doctrine, or any other applicable privilege,

10

protection, immunity, or doctrine of similar effect. Caruso further objects to this Request to the

11

extent it calls for premature or otherwise improper production of expert disclosures, which are

12

governed by the case schedule and Rule 26(a)(2).

13

       Subject to these objections, in his capacity as a percipient fact witness in this Litigation,

14

Caruso does not have any responsive, non-protected documents in his possession, custody, or

15

control, as he has no financial interest in the outcome of this Litigation.

16

  Dated: March 24, 2025          Respectfully submitted,

17

                           By: */s/ Roland Tellis*

18

                        Roland Tellis (SBN 186269)
                        David B. Fernandes (SBN 280944)

19

                        Adam M. Tamburelli (SBN 301902)

20

                        **BARON & BUDD, P.C.**
                        15910 Ventura Boulevard, Suite 1600

21

                        Encino, CA 91436
                        Telephone: (818) 839-2333

22

                        Facsimile: (818) 986-9698
                        rtellis@baronbudd.com

23

                        dfernandes@baronbudd.com
                        atamburelli@baronbudd.com

24

25

                        *Counsel for Chris Caruso*

26

27

28

- 28 -

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing document was served on counsel of record for the parties in this action via e-mail on this 24th day of March, 2025.

*/s/ Adam M. Tamburelli*